This opinion will serve as the Court's findings of fact and conclusions of law. Rule 52(a), F.R.Civ.P.

**PHELPS DODGE CORPORATION, a New York Corporation, Plaintiff,**

**v.**

**STATE OF ARIZONA, State LAND DE-PARTMENT and Andrew L. Bettwy, State Land Commissioner, Defendants.**

**No. Civ. 71–85 PHX–WEC.**

United States District Court, D. Arizona.

March 10, 1975.

Newman R. Porter, Evans, Kitchel & Jenckes, P. C., Phoenix, Ariz., for Phelps Dodge.

Asst. Atty. Gen. Peter C. Gulatto, for State of Arizona.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CRAIG, Chief Judge.

This matter came on for trial before the Court sitting without a jury on February 11, 1975, on plaintiff's complaint for quiet title and defendants' answer thereto.

Based upon the admissions of the parties filed herein, the documentary evidence supporting the parties' motions for summary judgment and the evidence and testimony adduced at trial, the Court makes the following findings of fact and determinations of law:

### FINDINGS OF FACT

1. The matter in controversy arises in part upon a construction and interpretation of the Taylor Grazing Act of June 28, 1934 (48 Stat. 1269), as amended by the Act of June 26, 1936 (49 Stat. 1976), 43 U.S.C. § 315g(c) and (d),

and the amount in controversy exceeds the value of $10,000.00, exclusive of interest and costs.

2. Plaintiff is a corporation organized and existing under the laws of the State of New York, and is qualified to transact business and own property in the State of Arizona. The defendants are the State of Arizona, the State Land Department, which is an agency of the State of Arizona, and Andrew L. Bettwy, State Land Commissioner, who is an officer and citizen of the State of Arizona.

3. The defendants claim an interest in the mineral estate in the following described lands adverse to the plaintiff:

Township 5 South, Range 25 East
  Section 36: All
Township 5 South, Range 26 East
  Section 32: All
Township 6 South, Range 25 East
  Section 2: Lots 1 and 2, S/2NE/4; SE/4

The above described lands are hereinafter sometimes collectively referred to as "The Lands."

4. Plaintiff, Phelps Dodge Corporation, is the owner of what is sometimes called the Dos Pobres ore body located in the Lone Star Mining District, Graham County, Arizona, northeast of the town of Safford.

5. The Dos Pobres ore body lies approximately one mile to the northeast of the northeast corner of Section 32, Township 5 South, Range 26 East.

6. Plaintiff has been testing and developing the Dos Pobres ore body since its discovery in 1957, and is now proceeding with mine development and plant construction.

7. Incident to such development and construction, plaintiff has begun sinking three shafts on Section 32, Township 5 South, Range 26 East, which, when completed, will be approximately 2500 feet deep and will serve as the principal haulage ways and production shafts for the mining of the Dos Pobres ore body.

8. Various shop buildings and other facilities have been built or are presently under construction on Section 32, Township 5 South, Range 26 East, and eventually, a concentrator will be constructed thereon.

9. When completed, plaintiff's plant and facilities on Section 32 will represent an investment of $150,000,000 to $175,000,000.

10. The Lands were originally granted to the State of Arizona by the United States as school trust lands under the Arizona Enabling Act pursuant to Section 24 of the Act of Congress of June 20, 1910 (36 Stat. 557).

11. Title to The Lands vested in the State of Arizona upon approval of the survey thereof on June 7, 1923, with respect to Section 36, Township 5 South, Range 25 East, and Section 32, Township 5 South, Range 26 East, or upon Arizona's admission to statehood on February 14, 1912, with respect to Section 2, Township 6 South, Range 25 East.

12. In 1945, pursuant to an exchange based on equal acreage under the Taylor Grazing Act of June 28, 1934 (48 Stat. 1269), 43 U.S.C.A. § 315g(c), the State of Arizona reconveyed The Lands to the United States by a deed of reconveyance dated May 11, 1945, containing a purported reservation of minerals. No determination of the mineral character of The Lands was made by the State of Arizona or by the United States in the course of the exchange proceedings.

13. Plaintiff acquired title to The Lands from the United States pursuant to a Taylor Grazing Act exchange under 43 U.S.C.A. § 315g(d), by a patent dated February 3, 1969.

14. Section 36, Township 5 South, Range 25 East, G&SRB&M, is non-mineral in character at this time, and was non-mineral in character on May 11, 1945.

15. Section 32, Township 5 South, Range 26 East, G&SRB&M, is non-mineral in character at this time, and was non-mineral in character on May 11, 1945.

16. Lots 1 and 2, S/2NE/4 and SE/4, Section 2, Township 6 South,

Range 25 East, G&SRB&M, are non-mineral in character at this time, and were non-mineral in character on May 11, 1945.

17. Defendants State Land Department and Andrew L. Bettwy, State Land Commissioner, for and on behalf of the State of Arizona, claim the right to issue prospecting permits and mineral leases respecting The Lands.

To the extent any conclusion of law set forth below contains a finding of fact, the Court finds it to be a fact.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the case under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331(a).

2. By partial summary judgment dated January 23, 1974, this Court entered its order determining the following as matters of law, and the Court now reaffirms those determinations:

a. Phelps Dodge Corporation is not estopped to challenge the validity of the mineral reservation made by the State of Arizona in its deed of reconveyance to the United States dated May 11, 1945.

b. The deed of reconveyance from the State of Arizona to the United States, dated May 11, 1945, is irregular on its face, and the antecedent proceedings on which it is founded may be examined in this suit.

c. In an exchange based upon equal acreage under 43 U.S.C. § 315g(c), the State is not authorized or permitted to reserve minerals in the offered lands when the lands are non-mineral in character.

d. The reservation of minerals inserted by the State of Arizona in the 1945 deed of reconveyance to the United States is void with respect to lands conveyed thereby which were non-mineral in character, and the deed operated to convey to the United States all mineral rights in such lands.

e. United States Patent No. 02–69–0058, dated February 3, 1969, operated to convey to Phelps Dodge Corporation all mineral rights in the lands thereby conveyed which the United States owned when the patent was issued.

3. The mineral character of public lands is to be determined in accordance with the test announced by Mr. Justice Van Deventer in Diamond Coal & Coke Co. v. United States, 233 U.S. 236, 34 S.Ct. 507, 58 L.Ed. 936 (1914) as follows:

"It must appear that at the time of the proceedings which resulted in the patent the land was known to be valuable for minerals; that is to say, it must appear that the known conditions at the time of those proceedings were plainly such as to engender the belief that the land contained mineral deposits of such quality and in such quantity as would render their extraction profitable and justify expenditures to that end."

See also, Standard Oil Co. v. United States, 107 F.2d 402 (9th Cir. 1939); Filcher v. United States, 7 F.2d 519 (9th Cir. 1925).

4. The reservation of minerals inserted by the State of Arizona in its 1945 deed of reconveyance to the United States is void with respect to Section 36, Township 5 South, Range 25 East; Section 32, Township 5 South, Range 26 East; and Lots 1 and 2, S/2NE/4 and SE/4, Section 2, Township 6 South, Range 25 East, G&SRB&M, and said deed of reconveyance operated to convey to the United States all mineral rights in such lands.

5. The 1945 Taylor Grazing Act exchange did not violate the provisions of the Arizona Enabling Act by reason of the invalidity of the mineral reservation attempted to be made by the State of Arizona.

6. United States Patent No. 02–69–0058 dated February 3, 1969, operated to convey to Phelps Dodge Corporation the mineral rights in The Lands.

7. Plaintiff is entitled to have its title in The Lands quieted as against the defendants herein.

8. Unless the defendants are enjoined and restrained from issuing prospecting

permits and mineral leases, or otherwise dealing or treating with The Lands, plaintiff will be irreparably injured in that such acts will impair and cloud plaintiff's title, and plaintiff will be further irreparably injured by the acts of trespass of the permittees and lessees of the defendants in exploring and drilling upon The Lands and thereby interfering with plaintiff's use and enjoyment thereof.

9. Plaintiff has no adequate remedy at law to prevent or redress the injuries described in paragraph 8 above.

10. The United States is not a necessary party to this suit in order that the respective rights of the parties be fully litigated.

To the extent any finding of fact set forth above contains a conclusion of law, the Court concludes it as a matter of law.

It is hereby ordered that judgment be entered in accordance with the foregoing findings of fact and conclusions of law.